IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GREGORY H.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:18-cv-00342 |
| | ) | |
| ANDREW SAUL, Commissioner, Social | ) | By: Elizabeth K. Dillon |
| Security Administration,[2] | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Plaintiff Gregory H. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying his claim for social security income (SSI) and disability insurance benefits (DIB) under the Social Security Act. Both parties moved for summary judgment, and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On May 23, 2019, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (Dkt. No. 21.) Plaintiff filed a timely objection on August 15, 2019. (Pl.'s Obj., Dkt. No. 25.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

[2] On June 17, 2019, Andrew Saul was sworn in as the new Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as the proper defendant.

recommendation. Accordingly, the court will grant the Commissioner's motion for summary judgment, deny Gregory's motion for summary judgment, and affirm the Commissioner's decision.

I.  BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 3–8.)

II.  DISCUSSION

**A.  Standard of Review**

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)). Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015).

**B. Gregory H.'s Objections**

In his brief to the magistrate judge in support of his motion for summary judgment, Gregory argued that the ALJ's residual functional capacity (RFC) findings and evaluation of his subjective impairment allegations are not supported by substantial evidence. (Pl.'s Mem. in Supp. of Mot. for Summ. J. 8–15, Dkt. No. 1.) In many respects, Gregory's objections are a restatement of those arguments. (*See, e.g.,* Pl.'s Mem. 8 ("The ALJ does not explain how he arrived at his conclusion that plaintiff's vision is limited to avoiding ordinary hazards in the

3

workplace at least three times per month" or how "these vision episodes are accommodated to a limitation to avoiding ordinary hazards and does not explain how long this limitation lasts when it occurs").); Pl.'s Obj. 1 ("Contrary to the Report and Recommendation assertion, the ALJ does not explain how he arrived at his conclusion that plaintiff's vision is limited to avoiding ordinary hazards in the workplace at least three times per month nor explain how these vision episodes are accommodated to a limitation to avoiding ordinary hazards and does not explain how long this limitation lasts when it occurs.").) It is not necessary for the court to address the exact same arguments raised before the magistrate judge.

The court will, however, address Gregory's argument that the magistrate judge attempted to "build a logical bridge between the evidence and the RFC findings that the ALJ failed to build himself in his decision." (Pl.'s Obj. 2–3.) For example, Gregory states that the R&R erred in concluding that the evidence showed his overall condition was improved with medication. (R&R 15.) Gregory cites record evidence showing markedly elevated blood sugar levels at dates after the medical records addressed by the ALJ in the ALJ's assertion that Gregory's diabetes was under better control. Gregory also argues that the R&R erred in concluding that the ALJ did not mischaracterize evidence regarding the effect of gabapentin and norco on Gregory's diabetic neuropathy.

First, the records cited by the ALJ do in fact show that Gregory's neuropathy symptoms improved with medication. (*See* R. 493, 547 ("Diabetic Neuropathy – significant sensation loss in bilateral feet. Improvement with Gabapentin as described. Norco as needed.").) The ALJ's record citations also show improvement, at times, in blood sugar levels. (*See* R. 333, 367 ("BS now better controlled with current dosing. Pt has been taking 3 doses of insulin daily to keep BS better controlled.").) Additionally, both the ALJ's decision and the R&R note that, at times,

4

Gregory's diabetes was reported as uncontrolled. (*See* R&R 14; R. 15.) Indeed, the ALJ specifically mentions occasions after January 5, 2015, wherein Gregory's diabetes was uncontrolled or causing him loss of sensation. (R. 15.) The ALJ used these records to support his finding of certain physical limitations. However, and most importantly, Gregory's argument ignores the overall tenor of the ALJ's analysis: that Gregory's treatment history is "relatively conservative," and that "there is no evidence of recent frequent and/or prolonged inpatient hospitalization and/or surgical intervention for the claimant's physical conditions." (R. 15.) The ALJ also noted that Gregory reported splitting wood and doing heavy lifting. (*Id.*) Finally, in "resolving any and all benefit of the doubt in the claimant's favor, the undersigned has found the above off-task limitation and mental limitations to accommodate the impact that the symptoms of the claimant's physical impairments have upon his concentration/focus." (R. 15–16.) Ultimately, the ALJ was entitled, as the magistrate judge explained, to "find that the objective medical evidence outweighed Gregory's subjective statements, and he provided a sufficient rationale for doing so." (R&R 15.) Gregory's argument that the magistrate judge impermissibly stepped-in to fill the gaps in the ALJ's reasoning is not persuasive, and his objection is therefore overruled.

III. CONCLUSION

After a review of the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, this court will overrule Gregory's objections and adopt the magistrate judge's recommendation. The court will therefore grant the Commissioner's motion for summary judgment and deny Gregory's motion for summary judgment.

An appropriate order will be entered.

Entered: September 10, 2019.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge